

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 8, 1993

Mr. Ray Farabee
General Counsel
The University of Texas System
Office of General Counsel
201 West Seventh Street
Austin, Texas 78701-2981

Opinion No. DM-271

Re: Whether The University of Texas System is authorized to limit the number of vendors offering products to its faculty members under an optional retirement program governed by chapter 830 of the Government Code (RQ-612)

Dear Mr. Farabee:

On behalf of The University of Texas System (the "system"), you ask whether the system is authorized to limit the number of vendors offering products to its faculty members under an optional retirement program governed by chapter 830 of the Government Code. The optional retirement program is offered to faculty members employed by institutions of higher education ("institutions") as an alternative to the Teacher Retirement System of Texas. *See* Gov't Code § 830.002(b); *see also id.* §§ 830.003 (defining the term "institution of higher education"), 830.101 (discussing eligibility to participate). Under the optional retirement program, participants and their employers contribute to investments and purchases of retirement annuities that meet certain requirements of the Internal Revenue Code. *See id.* § 830.002(a).

You have provided us with a copy of a document entitled *Overview of the Optional Retirement Program* prepared by the state auditor in 1991. *See* OFFICE OF THE STATE AUDITOR, OVERVIEW OF THE OPTIONAL RETIREMENT PROGRAM (1991). The examination is critical of the optional retirement program for a number of reasons. The examination found, among other things, (i) that while most states with similar programs limit the number of vendors available to participants, in Texas there are a total of over 100 vendors offering products at over 100 separate institutions, (ii) that the evaluation and certification of vendors varies from institution to institution, and (iii) that some institutions do not evaluate vendors at all. *Id.* at 1. The examination suggests that setting limits on the number of vendors would allow institutions to obtain leverage, giving them the ability to negotiate for favorable fee schedules and rates of return. It also suggests that institutions should review a potential vendor's financial condition and analyze the performance of its products as part of their selection process to control vendor quality.[1]

---

[1]The examination also more generally states:

> Our examination of the Program policies and practices revealed inconsistencies which expose the Program participants and the State to an unnecessary level of risk. Since there is no single administering entity over the Program, ad hoc, and

You state that in light of this examination the system would like to limit the number of vendors offering products to its optional retirement program participants and to select optional retirement program vendors through competitive bids. You state that "[t]he current statutory provisions governing the [optional retirement program] do not address the number of vendors an employer may offer," and that "[t]he Texas Higher Education Coordinating Board, which is responsible for developing policies and practices in accordance with the [optional retirement program] statutes, has not issued any rules, regulations, memoranda, or procedures with respect to this issue."

Chapter 830 of the Government Code does not address the number of vendors an employer may offer. Section 830.004 states that a governing board may provide for contributions to any type of investment authorized under section 403(b) of the Internal Revenue Code, as it existed on January 1, 1981, and may arrange the purchase of annuity contracts from any insurance or annuity company that is qualified to do business in the state. Gov't Code § 830.004(a). It also provides that if a governing board has more than one component institution under its jurisdiction, it may provide a separate optional retirement program for each component or may place two or more components under a single program. *Id.* § 830.004(b). Section 830.004 clearly delegates to the governing bodies of particular institutions the authority to structure an optional retirement program for its faculty members. There is no reason why this authority would not include the authority to limit the number of vendors and to scrutinize the quality of their products.[2]

Article 6228a-5, V.T.C.S., provides that certain state agencies, including institutions of higher education, may enter into agreements with their employees for the purchase of annuities or for contributions to investments authorized by section 403(b) of the Internal Revenue Code, as it existed on January 1, 1981. Section 2(c) of article 6228a-5 provides that "[t]he employee is entitled to designate any agent, broker, or company through which the annuity or investment is to be purchased." V.T.C.S. art. 6228a-5, § 2(c). You express concern that article 6228a-5, particularly section 2(c), could be construed to prohibit the system from limiting the number of vendors offering products to participants of an optional retirement program. We believe that this concern is unfounded.

---

(footnote continued)

> frequently weak, control mechanisms have been developed at a variety of higher education institutions. These mechanisms . . . do not facilitate participants getting the best products and the lowest fees . . . .

OFFICE OF THE STATE AUDITOR, OVERVIEW OF THE OPTIONAL RETIREMENT PROGRAM at 1 (1991).

[2]Section 830.002(c) requires the Texas Higher Education Board to develop policies to provide uniformity in the administration of the retirement annuity insurance program available to optional retirement program participants. To the extent such policies exist, we believe that the system is required to adhere to them.

In Attorney General Opinion JM-691 (1987), this office concluded that article 6228a-5 does not give participants in an optional retirement program the right to select vendors of their choice on the basis that article 6228a-5 is inapplicable to such programs. We see no reason to revisit that opinion and we rely upon it here for the proposition that article 6228a-5 does not apply to an optional retirement program established pursuant to chapter 830 of the Government Code.[3] Therefore, we conclude that article 6228a-5 does not prohibit the system from limiting the number of vendors offering products to its faculty members under an optional retirement program.

## S U M M A R Y

Section 830.004 of the Government Code delegates to the governing bodies of institutions of higher education the authority to structure an optional retirement program for its faculty members, including the authority to limit the number of vendors and to scrutinize the quality of their products. Article 6228a-5, V.T.C.S., does not prohibit an institution of higher learning from limiting the number of vendors offering products to its faculty members under an optional retirement program.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General

---

[3]Attorney General Opinion JM-691 addressed the relationship between V.T.C.S. article 6228a-5 and the predecessor statute to chapter 830 of the Government Code, chapter 36 of Title 110B, V.T.C.S. (transferred, renumbered, and revised by Acts 1989, 71st Leg., ch. 179, § 1, at 589).